IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 23-268 |
| MISTER TYRELL TAYLOR | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Alexander Bowerman, Special Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and in support of this motion, the United States represents as follows:

1. On June 20, 2023, the defendant was charged by Indictment with conspiracy to make false statements to a federal firearms licensee, in violation of 18 U.S.C. § 371 (Count One); and making false statements to a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A) (Counts Two through Twenty-Eight).

2. The Indictment also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of his violations of 18 U.S.C. § 924(a)(1)(A) (Counts Two through Twenty-Eight).

3. On November 2, 2023, the defendant pleaded guilty to Counts One through Twenty-Eight of the Indictment.

4.  As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit criminally any firearms and ammunition involved in or used in the violations charged in Counts Two through Twenty-Eight of the Indictment.

5.  Based upon the facts set forth at the defendant's plea hearing, as well as those set forth in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two through Twenty-Eight of the Indictment, and that the government has established the requisite nexus between such property and such offenses:

   a) A Glock, Model 45, 9mm semi-automatic pistol, bearing serial number BMFE327;

   b) A Glock, Model 36, .45 caliber semi-automatic pistol, bearing serial number BABL341;

   c) A Military Armament, Model MA0A1, 9mm semi-automatic pistol, bearing serial number S6033595;

   d) A Glock, Model 31, .357 caliber semi-automatic pistol, bearing serial number VNV404;

   e) A Ruger, Model 57, 5.7 x 28mm semi-automatic pistol, bearing serial number 64142158;

   f) A Glock, Model 26, 9mm semi-automatic pistol, bearing serial number WZZ115;

   g) A Glock, Model 30, .40 caliber semi-automatic pistol, bearing serial number ABKK518;

h) A Glock, Model 26, 9mm semi-automatic pistol, bearing serial number PKM076;

i) A Spikes Tactical, Model ST-15, 5.56 semi-automatic rifle, bearing serial number NSL015860;

j) A Glock, Model 29, 10mm semi-automatic pistol, bearing serial number BPUP757;

k) A Century Arms Inc., Model Micro Draco, 7.62x39mm semi-automatic pistol, bearing serial number PMD2114820;

l) A Springfield, Model XD9 Defender, 9mm semi-automatic pistol, bearing serial number BY299957;

m) A Glock, Model 19, 9mm semi-automatic pistol, bearing serial number BFMH492;

n) A Springfield, Model XDS, 9mm semi-automatic pistol, bearing serial number S3995793;

o) A Glock, Model 22, .40 caliber semi-automatic pistol, bearing serial number AANU429;

p) A Glock, Model 17, 9mm semi-automatic pistol, bearing serial number BDTU801;

q) A Smith & Wesson, Model M&P 40, .40 caliber semi-automatic pistol, bearing serial number JFM3379;

r) A Glock, Model 32, .357 caliber semi-automatic pistol, bearing serial number BRHA456;

s) A Smith & Wesson, Model M&P 45, .45 caliber semi-automatic pistol, bearing serial number HUK0635;

t) A Century Arms Inc., Model Micro Draco, 7.62x39mm semi-automatic pistol, bearing serial number PMD0530518RO;

u) A Glock, Model 17, 9mm semi-automatic pistol, bearing serial number, bearing serial number BREC152;

v) A Glock, Model 45,9mm semi-automatic pistol, bearing serial number, bearing serial number BRKD972;

w) A Sig Sauer, Model 365XL,9mm semi-automatic pistol, bearing serial number 66B095361;

x) A Springfield, Model XD, .40 caliber semi-automatic pistol, bearing serial number BY447313;

y) A Glock, Model 17,9mm semi-automatic pistol, bearing serial number BRDB636;

z) A Glock, Model 36, .45 caliber semi-automatic pistol, bearing serial number BRHE516;

aa) A Glock, Model 33, .357 caliber semi-automatic pistol, bearing serial number BRAH903;

bb) A Springfield, Model XD, .45 caliber, bearing serial number BY465218;

cc) A Ruger, Model 57,5.7 x 28mm semi-automatic pistol, bearing serial number 641-63862;

dd) A Springfield, Model XD, .45 caliber semi-automatic pistol, bearing serial number BY468499;

ee) A Glock, Model 30, .45 caliber semi-automatic pistol, bearing serial number HLE783;

ff) A Glock, Model20, l0mm semi-automatic pistol, bearing serial number YLH740;

gg) A Smith & Wesson, Model M&P Shield, .45 caliber semi-automatic pistol, bearing serial number JDV7508;

hh) A Rossi, Model 38, .38 caliber semi-automatic pistol, bearing serial number YD70834;

ii) A Springfield, Model XD, .40 caliber semi-automatic pistol, bearing serial number BY447395;

jj) A Beretta, Model APX, 9mm semi-automatic pistol, bearing serial number A109471X;

kk) A Glock, Model 19, 9mm semi-automatic pistol, bearing serial number BPXF397;

ll) A Glock, Model 23, .40 caliber semi-automatic pistol, bearing serial number BRRP476;

mm) A Springfield, Model XD40, .40 caliber semi-automatic pistol, bearing serial number GM1070851;

nn) A Springfield, Model XDM, .45 caliber semi-automatic pistol, bearing serial number MG689520;

oo) A Smith & Wesson, Model 642, .38 caliber semi-automatic revolver, bearing serial number DMW4552;

pp) A Glock, Model 30, .45 caliber semi-automatic pistol, bearing serial number BRZM344;

qq) A Glock, Model 23, .40 caliber semi-automatic pistol, bearing serial number BRRP270;

rr) A Glock, Model 22, .40 caliber semi-automatic pistol, bearing serial number BRRN100;

ss) A Glock, Model 43, 9mm semi-automatic pistol, bearing serial number BHPY746;

tt) A Glock, Model 19, 9mm semi-automatic pistol, bearing serial number BGVU4TO;

uu) A Glock, Model 36, .45 caliber semi-automatic pistol, bearing serial number BABL921; and

vv) A Walther, Model PPS, 9mm semi-automatic pistol, bearing serial number AL5566,

as firearms and ammunition involved in or used in the defendant's violations of the aforesaid offenses alleged in Counts Two through Twenty-Eight of the Indictment (hereinafter referred to as the "Subject Property").

6. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding or guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must

determine the amount of the money that the defendant will be ordered to pay." Id.  The Court's determination may be based on "evidence already in the record … and on any additional evidence or Indictment submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B).  The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A)."

7. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

8. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

9. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

10. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in paragraph 8 above, and

notify potential third-party claimants, pursuant to Fed. R. Crim. Proc. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

                                        Respectfully submitted,

                                        JACQUELINE C. ROMERO
                                        United States Attorney

                                        SARAH L. GRIEB
                                        Assistant United States Attorney
                                        Chief, Asset Recovery and Financial Litigation Unit

                                        */s/ Alexander B. Bowerman*
                                        ALEXANDER B. BOWERMAN
                                        Special Assistant United States Attorney

Date:  April 1, 2024

**CERTIFICATE OF SERVICE**

The foregoing Motion for Judgment and Preliminary Order of Forfeiture, and proposed Order will be served electronically through the District Court Electronic Case System upon:

Mark T. Wilson, Esquire
Federal Community Defender
601 Walnut Street, Suite 540 W
Philadelphia, PA 19106
Email: mark_wilson@fd.org

*/s/ Alexander B. Bowerman*
ALEXANDER B. BOWERMAN
Special Assistant United States Attorney

Date:   April 1, 2024

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 23-468 |
| MISTER TYRELL TAYLOR | : | |

## ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Mister Tyrell Taylor's guilty plea to Counts Two through Twenty-Eight of the Indictment, charging him with making false statements to a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A), the defendant is required to forfeit criminally any firearms or ammunition involved in or used in his violations, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

1. All firearms and ammunition involved in or used in the defendant's violations of 18 U.S.C. § 924(a)(1)(A), are forfeited to the United States.

2. The Court has determined, based on the facts set forth at the defendant's plea hearing and in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two through Twenty-Eight of the Indictment, that the government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

   a) A Glock, Model 45, 9mm semi-automatic pistol, bearing serial number BMFE327;

   b) A Glock, Model 36, .45 caliber semi-automatic pistol, bearing serial number BABL341;

c) A Military Armament, Model MA0A1, 9mm semi-automatic pistol, bearing serial number S6033595;

d) A Glock, Model 31, .357 caliber semi-automatic pistol, bearing serial number VNV404;

e) A Ruger, Model 57, 5.7 x 28mm semi-automatic pistol, bearing serial number 64142158;

f) A Glock, Model 26, 9mm semi-automatic pistol, bearing serial number WZZ115;

g) A Glock, Model 30, .40 caliber semi-automatic pistol, bearing serial number ABKK518;

h) A Glock, Model 26, 9mm semi-automatic pistol, bearing serial number PKM076;

i) A Spikes Tactical, Model ST-15, 5.56 semi-automatic rifle, bearing serial number NSL015860;

j) A Glock, Model 29, 10mm semi-automatic pistol, bearing serial number BPUP757;

k) A Century Arms Inc., Model Micro Draco, 7.62x39mm semi-automatic pistol, bearing serial number PMD2114820;

l) A Springfield, Model XD9 Defender, 9mm semi-automatic pistol, bearing serial number BY299957;

m) A Glock, Model 19, 9mm semi-automatic pistol, bearing serial number BFMH492;

n) A Springfield, Model XDS, 9mm semi-automatic pistol, bearing serial number S3995793;

o) A Glock, Model 22, .40 caliber semi-automatic pistol, bearing serial number AANU429;

p) A Glock, Model 17, 9mm semi-automatic pistol, bearing serial number BDTU801;

q) A Smith & Wesson, Model M&P 40, .40 caliber semi-automatic pistol, bearing serial number JFM3379;

r) A Glock, Model 32, .357 caliber semi-automatic pistol, bearing serial number BRHA456;

s) A Smith & Wesson, Model M&P 45, .45 caliber semi-automatic pistol, bearing serial number HUK0635;

t) A Century Arms Inc., Model Micro Draco, 7.62x39mm semi-automatic pistol, bearing serial number PMD0530518RO;

u) A Glock, Model 17, 9mm semi-automatic pistol, bearing serial number, bearing serial number BREC152;

v) A Glock, Model 45, 9mm semi-automatic pistol, bearing serial number, bearing serial number BRKD972;

w) A Sig Sauer, Model 365XL, 9mm semi-automatic pistol, bearing serial number 66B095361;

x) A Springfield, Model XD, .40 caliber semi-automatic pistol, bearing serial number 8Y447313;

3

y) A Glock, Model 17, 9mm semi-automatic pistol, bearing serial number BRDB636;

z) A Glock, Model 36, .45 caliber semi-automatic pistol, bearing serial number BRHE516;

aa) A Glock, Model 33, .357 caliber semi-automatic pistol, bearing serial number BRAH903;

bb) A Springfield, Model XD, .45 caliber, bearing serial number BY465218;

cc) A Ruger, Model 57, 5.7 x 28mm semi-automatic pistol, bearing serial number 641-63862;

dd) A Springfield, Model XD, .45 caliber semi-automatic pistol, bearing serial number BY468499;

ee) A Glock, Model 30, .45 caliber semi-automatic pistol, bearing serial number HLE783;

ff) A Glock, Model20, l0mm semi-automatic pistol, bearing serial number YLH740;

gg) A Smith & Wesson, Model M&P Shield, .45 caliber semi-automatic pistol, bearing serial number JDV7508;

hh) A Rossi, Model 38, .38 caliber semi-automatic pistol, bearing serial number YD70834;

ii) A Springfield, Model XD, .40 caliber semi-automatic pistol, bearing serial number BY447395;

jj) A Beretta, Model APX, 9mm semi-automatic pistol, bearing serial number A109471X;

4

kk) A Glock, Model 19, 9mm semi-automatic pistol, bearing serial number BPXF397;

ll) A Glock, Model 23, .40 caliber semi-automatic pistol, bearing serial number BRRP476;

mm) A Springfield, Model XD40, .40 caliber semi-automatic pistol, bearing serial number GM1070851;

nn) A Springfield, Model XDM, .45 caliber semi-automatic pistol, bearing serial number MG689520;

oo) A Smith & Wesson, Model 642, .38 caliber semi-automatic revolver, bearing serial number DMW4552;

pp) A Glock, Model 30, .45 caliber semi-automatic pistol, bearing serial number BRZM344;

qq) A Glock, Model 23, .40 caliber semi-automatic pistol, bearing serial number BRRP270;

rr) A Glock, Model 22, .40 caliber semi-automatic pistol, bearing serial number BRRN100;

ss) A Glock, Model 43, 9mm semi-automatic pistol, bearing serial number BHPY746;

tt) A Glock, Model 19, 9mm semi-automatic pistol, bearing serial number BGVU4TO;

uu) A Glock, Model 36, .45 caliber semi-automatic pistol, bearing serial number BABL921; and

5

vv) A Walther, Model PPS, 9mm semi-automatic pistol, bearing serial number AL5566,

as firearms and ammunition involved in or used in the defendant's violations of the aforesaid offenses alleged in Counts One through Twenty-Eight of the Indictment (hereinafter referred to as the "Subject Property").

3. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

4. Upon the entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

6. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General

may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

7. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

8. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

9. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

  ORDERED this_____ day of _____, 2024.

_____
**HONORABLE GERALD J. PAPPERT**
**United States District Court Judge**